UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

BRADLEY SCHAUER and MELINDA THOMPSON,   No. 11-13838

Debtor(s).
_____/

Memorandum on Motion to Reclassify Claim
_____

  Section 726(a)(3) of the Bankruptcy Code provides that tardily-filed claims are paid only after timely claims are paid in full. There is a single exception: § 726(a)(2)(C) provides that a tardy claim can be paid along with timely claims if "the creditor that holds such claim did not have notice or actual knowledge of the case in time for timely filing of a proof of claim . . . ." Creditor Michael Schinner filed a proof of claim on behalf of Pensco Trust Company, the custodian of his SEP IRA, on May 24, 2012. The deadline for claims was March 19, 2012, so the claim was more than two months late. Schinner has move the court for allowance of his claim under § 726(a)(2)(C), arguing that he did not have notice or actual knowledge in time to file a timely claim. The Trustee and creditor Union Bank object.

  The debtors properly scheduled Pensco as a creditor and listed its address at 450 Sansome Street, 14th floor, San Francisco, CA 94111. This was the proper remittance address for Pensco, and all notices were sent to this address.

  On January 31, 2012, Schinner sent the following email to debtor Bradley Schauer:

> Brad,
>
> You mentioned that you were filing for Bankruptcy, but I never received proof of filing (creditor's claim form). I need to know whether you filed, because Pensco is saying that because the loan was not renewed, it is taxable to me. Did you file?

1

Schinner declares that "Debtor thereafter notified me that he had already received his discharge but that I should file a claim because there was a possibility of funds being available through his bankruptcy estate." Despite this exchange, more than six weeks before the bar date, Schinner asserts that he did not have actual knowledge of the case in time to file a claim.

A creditor seeking relief under § 726(a)(2)(C) bears the burden of showing neither notice nor actual knowledge of the bankruptcy. *In re marchFirst, Inc.,* 345 B.R. 866, 868-69 (Bkrtcy. N.D. I.ll. 2006). The court finds that Schinner has not met this burden, both because the creditor, Pensco, received actual notice and because Schinner had knowledge of the bankruptcy in time to file his claim on behalf of Pensco had he been diligent.

Schinner, who is a lawyer, has minced his words in order to attempt to come within § 726(a)(2)(C). He has produced his email, sent long before the claims bar date, asking Schauer about the bankruptcy, but then states vaguely that Schauer "thereafter" told him about the bankruptcy. Schinner would have the court infer that "thereafter" meant after the bar date, but he does not aver this nor is there any basis for the court to so infer.[1] The reasonable inference is that Schauer responded promptly and that Schinner does not admit this because he knows it would be fatal to his case. From his own admissions, the conclusion is inescapable that Schinner knew about the bankruptcy more than six weeks before the claims bar date. Knowledge of the bankruptcy weeks before the claims bar date is sufficient to defeat a claim under § 726(a)(2)(C), even if the bar date itself was not communicated. *In re Coastal Alaska Airlines,* 920 F.2d 1428, 1433 (9th Cir. 1990); 6 **Collier on Bankruptcy** (16th Ed.), ¶

---

[1] Schinner has filed several declarations regarding his January 31 email to Schauer, all intentionally vague as to times. Typical is his declaration in docket # 83: "Not having received any notice of the bankruptcy filing, I inquired with Debtor about the status of the filing in an email dated January 31, 2012. Debtor informed me that he had filed a bankruptcy petition. I then instructed my associate, Agustín R. Piña, to file my proof of claim in Debtor's case."

726.02[2].[2]

The court would probably hold an evidentiary hearing, notwithstanding the delay in distribution it would cause to the diligent creditors, if Schinner's actual knowledge were the only issue. However, Schinner has not in any way established that the official notice to Pensco was deficient. Pensco was the actual creditor; if it failed to notify Schinner, that is a matter between him and Pensco but it does not turn Pensco into a creditor with § 726(a)(2)(C) rights. Notice to a creditor is sufficient if it is reasonably calculated to apprise interested parties of the pendency of the proceeding. *Mullane v. Central Hanover Bank Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 657, 94 L.Ed. 865 (1950). A creditor in a bankruptcy case bears the burden of proving that the address of a creditor was so incorrect as to fall short of this threshold. *marchFirst,* supra, at 869; *In re Harrell,* 325 B.R. 643, 648 (Bkrtcy.M.D.Fla.2005). Schinner has not established that the address was invalid or in any way rebutted the presumption that notices to Pensco were received. There is no indication that any notice was returned as undeliverable. Schinner only engages in the pure speculation that the notices were lost by Pensco in a transition to a different facility. This is not enough to establish that Pensco lacked proper notice. Therefore, it cannot have a claim allowed under § 726(a)(2)(C).

For the foregoing reasons, the motion will be denied. Counsel for the Trustee shall submit an appropriate form of order.

Dated: November 21, 2012

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[2] The dilatory nature of Schinner's motions in this case even after he knew of the problem further leads the court to the conclusion that Schinner is habitually sloppy in the enforcement of his rights. Even after the Trustee's counsel told him that a motion was necessary, Schinner did nothing for five months and even then only filed an objection to the Trustee's account and compensation, not a motion under § 726(a)(2)(C).

3